578 S.E.2d 7

**In the Matter of Richard E. LESTER, Respondent.**

No. 25605.

Supreme Court of South Carolina.

Submitted Feb. 11, 2003.
Decided March 10, 2003.

Henry B. Richardson, Jr. and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

George M. Hearn, Jr., of Hearn, Brittain & Martin, P.A., of Conway; and Sally Wiggins Speth, of Columbia, for Respondent.

PER CURIAM.

Respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to accept an admonition or a public reprimand. We accept the agreement and issue a public reprimand.

According to the facts stated in the agreement, respondent represented the purchaser in a real estate transaction. Respondent was out of town on the date of the closing.

Prior to leaving town, respondent caused to be prepared a HUD-1 settlement statement, as well as several other closing documents, which he personally reviewed. However, the HUD-1 statement was actually signed for him by a paralegal, who signed at respondent's direction and with his permission, on the date of the closing. The paralegal did not include a notation adjacent to respondent's signature indicating her authority to sign on his behalf.

The closing was conducted by the paralegal without respondent or another attorney present. Respondent maintains he remained accessible to the paralegal by telephone throughout the closing. He also maintains other attorneys in his law firm were available and could have responded to any inquiries that may have arisen at the closing.

Respondent admits that he has allowed other real estate transactions or closings to be conducted outside his presence and that the transactions and closings were conducted by non-lawyer personnel who were instructed to contact respondent by telephone if necessary. Respondent now recognizes that either he or another licensed attorney should have been physically present to conduct the actual real estate transactions and closings. Respondent states he has modified the methods employed in his law practice to institute such a policy.

As a result of his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2(a) (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 5.3(a) (a partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that a non-lawyer assistant's conduct is compatible with the professional obligations of the lawyer); Rule 5.3(b) (a lawyer having direct supervisory

authority over a non-lawyer assistant shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer); Rule 5.5(b) (a lawyer shall not assist a person who is not a member of the bar in the performance of an activity that constitutes the unauthorized practice of law); and Rule 8.4(a) (it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of others). By violating the Rules of Professional Conduct, respondent has also violated Rule 7(a)(1) of Rule 413, SCACR.

We agree with the finding of improper conduct and find that a public reprimand is the appropriate sanction. Accordingly, respondent is hereby reprimanded for the conduct detailed above.

We also take this opportunity to state that we view with alarm the growing tendency of attorneys to allow support staff to perform functions which should be performed by attorneys. We caution members of the Bar that this practice dilutes the attorney-client relationship and diminishes the attorney's ability to monitor all aspects of a case for which the attorney is ultimately responsible. We further direct the Bar's attention, once again, to *In re Easler*, 275 S.C. 400, 272 S.E.2d 32 (1980), in which this Court set forth guidelines with regard to the role of paralegals in assisting attorneys, and to *State v. Buyers Service Co., Inc.*, 292 S.C. 426, 357 S.E.2d 15 (1987), in which this Court held that real estate closings should be conducted only under the supervision of attorneys. We encourage members of the Bar to review these cases as well as the provisions of the Rules of Professional Conduct cited above which address the delegation of functions to support staff.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.