587 S.E.2d 104

**In the Matter of Jeffrey T. SPELL, Respondent.**

**No. 25726.**

Supreme Court of South Carolina.

Submitted Aug. 8, 2003.

Decided Sept. 29, 2003.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Jeffrey T. Spell, of Charleston, Pro Se.

PER CURIAM:

Respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to accept an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *Facts*

### I. *Loan Closing Matter*

Respondent was retained by a client to act as a closing attorney in the refinancing of the client's home. When respondent learned the client would not be available on the date originally scheduled for the closing, he provided the loan package to the mortgage broker. The mortgage broker took the loan package to the client's house to be executed over the weekend. Respondent admits he was not present when the loan documents were executed by the client. Instead, respondent requested that the mortgage broker contact respondent on his cellular phone if questions arose regarding the transaction or the execution of the closing documents.

Respondent instructed the mortgage broker to make sure the client understood her three day right of rescission and to "make sure the borrower understands that the settlement statements in the package were prepared by the lender and [do] not show all fees to be collected." Respondent instructed the mortgage broker to inform the client that she would have to come to respondent's office and sign a settlement statement prepared by respondent's office prior to the disbursement of funds. Respondent did not communicate directly with the client for approximately eighteen days after the loan package was executed.

The client received the loan proceeds prior to discussing or signing the settlement statement that was to be prepared by respondent. As a result of respondent's failure to adequately

and timely explain the closing and the disbursements to the client, the client negotiated the proceeds without fully understanding the amounts she would receive as a result of the closing. This lack of understanding led to the client spending funds for purposes other than to pay off a specific debt which was a major reason for the client refinancing her home.

Respondent admits that his actions assisted a person, who is not a member of the Bar, to engage in the unauthorized practice of law. He also admits that his failure to directly participate in the closing contributed to the frustration of the client's original purpose for refinancing her home.

## II. *Recording of Deed Matter*

Respondent closed a residential real estate transaction for a client. As a result of respondent's failure to timely record the deed, the client was required to pay his property taxes at a rate of 6%, rather than the primary residence rate of 4%.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2(a) (a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 5.5(b) (a lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also acknowledges that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

### *Conclusion*

We find that respondent's misconduct warrants a public reprimand. *See In the Matter of Lester*, 353 S.C. 246, 578 S.E.2d 7 (2003). Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

**TOAL, C.J., WALLER, BURNETT** and **PLEICONES, JJ.,** concur.

MOORE, J., not participating.