587 S.E.2d 690

**In the Matter of Robert Paul FOSTER, Respondent.**

No. 25734.

Supreme Court of South Carolina.

Submitted Sept. 30, 2003.

Decided Oct. 13, 2003.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

R. Davis Howser, of Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any of the sanctions set forth in Rule 7(b), RLDE. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### *Facts*

Respondent permitted a non-lawyer employee to perform real estate closings in his absence and without his supervision, and he tacitly allowed her to sign his name to the applicable real estate documents in each of the transactions. As a result of respondent's failure to supervise the non-lawyer employee, he was not aware of inaccuracies in HUD–1 Settlement Statements prepared in a number of the closings. The HUD–1 Settlement Statements in these matters did not reflect the complete transaction, nor did they accurately reflect the disbursements being made in conjunction with the transactions. Respondent recognizes that the HUD–1 Settlement Statement is required by the Federal Truth in Lending Act and that the incorrect information provided by the non-lawyer employee was at variance with the purposes of the Act.

Respondent also allowed the non-lawyer employee to be responsible for reconciliation of the real estate escrow account for respondent's law firm. Respondent failed to properly maintain or supervise the reconciliation of the account in accordance with Rule 417, SCACR, for over a year.

Respondent represents that no client funds were misappropriated as a result of the HUD–1 inaccuracies or his failure to reconcile the real estate trust account. In fact, respondent sought an independent audit of his law firm's real estate

escrow account which verified that no client funds were missing from the account.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2(a)(a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 5.3(a)(a partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer); Rule 5.3(b)(a lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer); Rule 5.5(b)(a lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law); and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

Respondent also admits that he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or to engage in conduct demonstrating an unfitness to practice law).

## Conclusion

Respondent has cooperated fully in the investigation of this matter.[1] Respondent represents that he has implemented procedures and safeguards within his law firm to prevent not only mistakes of this nature from happening again, but also to prevent future violations of any of the Rules of Professional

---

1. Respondent and his partner in his law firm self-reported these violations after discovering irregularities in HUD–1 Settlement Statements in several files.

Conduct, particularly as they relate to supervision of non-lawyer staff and account reconciliation, including the institution of appropriate checks and balances. Finally, respondent's firm no longer handles real estate closings.

After considering these mitigating circumstances, we find a public reprimand is the appropriate sanction in this matter. *See In re Lester*, 353 S.C. 246, 578 S.E.2d 7 (2003). Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.