589 S.E.2d 760

**EX PARTE Charles M. WATSON, Jr., County Attorney for Greenwood County, Petitioner.**

**In re The Unauthorized Practice of Law.**

**No. 25757.**

Supreme Court of South Carolina.

Submitted Oct. 22, 2003.

Decided Dec. 1, 2003.

Charles M. Watson, Jr., of Greenwood, for Petitioner.

A.J. Tothacer, Jr., of Greenville, Alexander Cruikshanks, IV, of Clinton, Charles Heath Ruffner, of Cheraw, D'Anne Haydel, of Orangeburg, Hubbard W. McDonald, Jr., of Bennettsville, Kelly Jean Golden, of Beaufort, Robert M. Bell, of Langley, Thomas L. Martin, of Anderson, for Respondents.

PER CURIAM:

Charles M. Watson, Jr., County Attorney for Greenwood County, ("Petitioner"), seeks a declaratory judgment as to whether nonlawyer title abstractors engage in the unauthorized practice of law when they conduct a title search and report the title status in connection with a tax foreclosure sale. We hold that such activities constitute the unauthorized practice of law and must either be conducted or supervised by an attorney.

### FACTUAL/PROCEDURAL BACKGROUND

Before selling a property at a tax foreclosure sale, tax collectors must provide notice of the sale to the property owner and any lien holders. In order to determine who is entitled to notice, tax collectors often hire title abstractors— who generally are not licensed attorneys—to examine the public records and report the status of title.

Tax collectors and County Attorneys throughout this state disagree as to whether such title abstractors, when performing

their duties without an attorney's supervision, are engaged in the unauthorized practice of law. Because of this disagreement, Petitioner sought a declaratory judgment pursuant to this Court's original jurisdiction under *In re Unauthorized Practice of Law Rules Proposed by the South Carolina Bar*, 309 S.C. 304, 307, 422 S.E.2d 123, 125 (1992). On April 11, 2003, this Court granted the petition and directed Petitioner to file a brief and serve it on every County Attorney in this state. Eight County Attorneys[1] ("Respondents") responded.

## LAW/ANALYSIS

Petitioner contends that when a nonlawyer title abstractor examines public records and reports the status of a title, without the supervision of a licensed attorney, the title abstractor is engaged in the unauthorized practice of law. We agree.

This Court has addressed the unauthorized practice of law in the real estate context on at least three occasions. In the first case, this Court held that the preparation of title abstracts by title companies for buyers constituted the unauthorized practice of law. *State v. Buyers Serv. Co., Inc.*, 292 S.C. 426, 357 S.E.2d 15 (1987). The Court found that "[t]he examination of titles requires expert legal knowledge and skill." *Id.* at 432, 357 S.E.2d at 19. As a result, the Court established a requirement that title examinations and abstract preparation be conducted "under the supervision of a licensed attorney." *Id.* at 432 33, 357 S.E.2d at 19.

Similarly, in another case, this Court considered whether a title search performed by a title company for a lender constituted the unauthorized practice of law. *Doe v. McMaster*, 355 S.C. 306, 585 S.E.2d 773 (2003). As in *Buyers*, this Court held that:

Title Company's title search and preparation of title documents for the Lender, without direct attorney supervision, constitutes the unauthorized practice of law. The title search and subsequent preparation of related documentation is permissible only when a licensed attorney supervises the process. In order to comply with this Court's ruling Doe

---

1. The responding County Attorneys are from Aiken, Anderson, Beaufort, Chesterfield, Greenville, Laurens, Marlboro, and Orangeburg counties.

must ensure the title search and preparation of loan documents are supervised by an attorney.

*Id.* at 313, 585 S.E.2d at 776.

In the third case, this Court disciplined an attorney for authorizing his paralegal to conduct a real estate closing in the attorney's absence. *Matter of Lester,* 353 S.C. 246, 247, 578 S.E.2d 7 (2003). The Court found, and the attorney later acknowledged, that an attorney should have been physically present at the closing. *Id.* at 247, 578 S.E.2d at 7. In addition to publicly reprimanding the attorney, the Court delivered a message to all attorneys, cautioning them against delegating functions that should be performed by attorneys to support staff. *Id.* at 248, 578 S.E.2d at 8.

■ Based on the foregoing precedent, we find that examining titles and preparing title abstracts constitute practicing law. Therefore, we require that licensed attorneys either conduct or supervise such activities. This requirement was established in *Buyers* and continues today for the purpose of protecting the public. 292 S.C. at 432–33, 357 S.E.2d at 19.

In the present case, property owners, buyers, lien holders, and counties depend on the tax collector to notify all those statutorily entitled to notice. If the title abstractor's report contains errors, a tax sale may be invalidated, and the county may be subject to due process claims from those who did not receive notice.

■ Further, that the title abstractor is not, by the report, guaranteeing title or certifying that the title is marketable is of little consequence. Although the tax title is of a quitclaim-deed nature, it still has a legal effect: it signifies that title has been conveyed. Therefore, the title abstractor's report must either be generated or approved by a licensed attorney.

Finally, we recognize that expenses associated with the tax-sale process will increase if counties are required to involve attorneys in either the performance or oversight of title examination and abstract preparation. But we believe that mistakes, such as failing to notify the proper parties, may prove more costly. On balance, the consequences of relying on a defective report may expend more county resources than

436

the costs associated with taking proper measures from the outset.

## CONCLUSION

Based on the foregoing analysis, we hold that when nonlawyer title abstractors examine public records and then render an opinion as to the content of those records, they are engaged in the unauthorized practice of law. But if a licensed attorney reviews the title abstractor's report and vouches for its legal sufficiency by signing the report, title abstractors would not be engaged in the unauthorized practice of law.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.