600 S.E.2d 66

**In the Matter of R. Daniel DAY, Jr., Respondent.**

**No. 25841.**

Supreme Court of South Carolina.

Submitted Feb. 19, 2004.

Decided July 12, 2004.

Attorney General Henry Dargan McMaster and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

R. Daniel Day, Jr., of Seneca, pro se.

PER CURIAM:

This disciplinary action arises from two separate matters in which Daniel Day (respondent) failed to (1) enforce a client's divorce decree granting her title to a piece of marital property and (2) respond to his client's request to amend his post-conviction relief (PCR) petition. The Commission on Lawyer Conduct (Commission) recommended that this Court impose a sanction of an admonition. We sanction respondent with a public reprimand.

### FACTUAL/PROCEDURAL BACKGROUND

This Court sanctioned respondent with a public reprimand in November 2002 for his general neglect of various legal matters. *In re Day (Day I),* 352 S.C. 41, 572 S.E.2d 291 (2002). Originally, the Commission attempted to include the two matters at issue here with the matters considered in *Day I,* but the Court had already issued the *Day I* opinion.

Subsequently, this Court remanded these two matters back to the Commission, and the Commission recommended an admonition.

We now review the Commission's recommendation that respondent receive an admonition for his conduct in the following two matters.

## HEDDEN MATTER

Julie Hedden (Hedden) was involved in an extensive domestic dispute that ended in divorce. The divorce decree directed Hedden's former spouse to transfer certain property to Hedden. Prior to deeding the property to Hedden, the former spouse died intestate in 1993, leaving their two children as his only heirs. In 1994, Hedden hired respondent to quiet title to the property in compliance with the divorce decree, and in that proceeding, respondent failed to name the two children as parties. The 1994 proceeding produced two separate orders transferring the property to Hedden. A deed was executed, and the property was conveyed to her in 1995.

Later, in 2000, Hedden attempted to sell the property, and the attorney for the prospective purchasers noticed that the two children might have an interest in the property since they were the former spouse's intestate heirs and were not named in the 1994 proceeding to quiet title. Respondent then petitioned for the approval of the sale of the property before a master-in-equity, naming Hedden's two children as parties. The master approved the sale, dispersed half of the proceeds to Hedden, and poured the other half into an escrow account on behalf of the children until it was determined whether the children had a right to the proceeds.[1]

Respondent failed to take any further action to secure the release of the proceeds held in escrow and failed to respond to attempts by Hedden and Hedden's father to contact him to concerning the release of the funds. As a result, Hedden was forced to hire another attorney to secure the release of the proceeds.

1. Respondent misrepresented to the Office of Disciplinary Counsel that he was appointed guardian ad litem and acted as guardian ad litem on behalf of the two children in the 2000 petition to sell Hedden's property.

### HAWKINS MATTER

Respondent was appointed to represent George Hawkins (Hawkins) in a PCR matter. On two occasions prior to the first PCR hearing,[2] held in September 2000, Hawkins wrote respondent, asking respondent to amend his PCR application to include a challenge to Hawkins's current prison sentence.[3] Respondent failed to respond to the letters Hawkins sent in May and September 2000, and he failed to respond to Hawkins's family's inquiries into whether respondent had amended the application. Respondent never amended the PCR application. After a hearing, Hawkins's first PCR petition was denied.

Prior to the second PCR hearing, Hawkins wrote respondent a letter expressing concern about several issues, and again, respondent failed to respond. At the second hearing, Hawkins's first simple possession conviction expunged, and his request for PCR relief—a resentencing—is still under advisement.

### LAW/ANALYSIS

The Commission found that respondent violated various *Rules of Professional Conduct* (Rule 407, SCACR). In both the Hedden and Hawkins matters, respondent failed to act with reasonable diligence and promptness in representing both clients (Rule 1.3); failed to keep his clients reasonably informed about the status of their actions and promptly comply with their multiple requests for information (Rule 1.4(a)); failed to represent the clients competently (Rule 1.1); and failed to consult with his clients about the objectives of his representation and the means by which they were to be achieved (Rule 1.2).

█ Further, respondent failed to cooperate with the Office of Disciplinary Counsel investigation when he provided information concerning the Hedden matter that he knew or should

---

**2.** Hawkins has had two PCR hearings.

**3.** Hawkins was convicted of possession with intent to distribute marijuana and was sentenced as a third offender, receiving the maximum sentence of 20 years. He was attempting to assert that his first offense, a simple possession of marijuana conviction, should not have been used to enhance his sentence.

have known was erroneous. *In re Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent alleged that he was hired merely to execute the court-ordered property transfer from Hedden's ex-husband to Hedden, not to quiet title. This allegation is erroneous for two reasons. First, respondent *never* completely effectuated the property transfer because he did not name the two children in the initial action. Thus, he *never* accomplished the task for which he was initially hired. The only reason the subsequent action to quiet title was brought was because respondent neglected to quiet title as required under the divorce decree. Second, Hedden testified that respondent never notified her that he would no longer represent her on the property matter.

Finally, the Commission found, and we agree, that respondent violated Rule 7(a)(1) of the *Rules for Lawyer Disciplinary Enforcement* (Rule 413, SCACR), in violating the *Rules of Professional Conduct;* and Rule 8.4(e), in engaging in conduct that is prejudicial to the administration of justice.

### SANCTION

■ Even though the Commission recommended that this Court should sanction respondent with an admonition, we find that a public reprimand is more appropriate. This Court has publicly reprimanded attorneys for committing similar acts of misconduct. *See In re Spell,* 355 S.C. 655, 587 S.E.2d 104 (2003) (sanctioning the attorney with a public reprimand based on the attorneys violations of Rules 1.3 and 1.4 of the RPC and Rule 8.4 of the RLDE).

Respondents failure to ensure that Hedden was awarded legal title to the marital property, combined with his misrepresentations to the Office of Disciplinary Counsel (1) that he was hired by Hedden only to execute the court-ordered property transfer to Hedden rather than quiet title and (2) that he acted as guardian ad litem on behalf of Heddens two children, warrants the more severe sanction of a public reprimand.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, and PLEICONES, JJ., concur. Burnett, J., not participating.