642 S.E.2d 749

**In the Matter of Jeffrey T. SPELL, Respondent.**

No. 26288.

Supreme Court of South Carolina.

Submitted Jan. 23, 2007.

Decided March 12, 2007.

Henry B. Richardson, Disciplinary Counsel, and C. Tex Davis, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Elizabeth Van Doren Gray, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law of not less than four (4) nor more than twelve (12) months. He requests the Court allow the suspension to run retroactively from the date of his interim suspension.[1] We accept the agreement and impose a twelve (12) month suspension, retroactive to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Client retained respondent to assist in negotiating several pending foreclosures. Client had several properties to sell in the hope that the proceeds from the sales would generate sufficient money to resolve the foreclosures.

Respondent was the closing attorney for the sale of three of the client's properties. The closings for the three properties occurred between December 2002 and January 2003. Each of

---

1. *See In the Matter of Spell*, 365 S.C. 422, 618 S.E.2d 919 (2005) (on August 24, 2005, respondent was placed on interim suspension).

the three closing settlement statements contained a line item for repairs which were to be conducted by a stated construction company. At client's request, respondent wrote checks from his trust account for the repair allowances payable to client and the construction company. Client endorsed the checks made payable to himself and the construction company. The mortgage broker accepted the checks on behalf of the construction company.

Later, at the request of the mortgage broker, respondent asked his bank to reissue the checks. The reissued checks were made payable only to the construction company as directed by the mortgage broker. The mortgage broker then delivered certified checks on behalf of the buyers in the amount shown on Line 303 of the HUD Settlement Statement to respondent. At that point, respondent realized the money for these checks came from a portion of the repair allowance noted on the HUD Settlement Statement; respondent, however, failed to amend the HUD Settlement Statement to accurately reflect the transaction.

## Matter II

Between early 2002 and early 2003, respondent was the closing attorney in three of the four real estate transactions referred to in a federal indictment. In the transactions, respondent failed to disclose to the lenders that the purchasers did not bring to the closing the funds represented on the HUD–1 Settlement Statement. Furthermore, respondent did not disclose to the lender that the sellers' funds as represented on the settlement statement were "shorted" in order to balance the statement.

Following the real estate closings at issue in the indictment, respondent was asked by other parties to reissue certain closing checks differently than as represented on the closing statement. Respondent agreed to reissue the checks as requested.

While it was alleged in the indictment that the co-conspirators committed a wide variety of fraudulent acts in connection with these transactions and received substantial funds from the proceeds of the transactions, respondent was not aware of

these activities. Respondent did not receive any illicit funds but, rather, only his standard fee for conducting a closing.

Respondent terminated his business relationship with the parties in these transactions in the Spring of 2003. He did not repeat the misconduct. When respondent was contacted by law enforcement authorities, he fully cooperated with the investigation and provided substantial assistance to investigators who thereafter prosecuted four other individuals.

Respondent pled guilty in the United States District Court to a one count indictment alleging conspiracy to defraud two mortgage companies. He was sentenced to a period of house arrest, three years of probation, and ordered to pay restitution.

## *LAW*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(b) (lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); and Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for a lawyer to be convicted of a crime of moral turpitude or serious crime); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for twelve (12) months, retroactive to the date of his interim suspension. Within fifteen days of the filing of this opinion, respondent

shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. Respondent shall not seek reinstatement until he has fully completed his house arrest and probation and complied with all other conditions imposed by his federal court sentence.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.