**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Julius Brazell, Appellant,

v.

Town of Chapin, South Carolina; and County of Lexington, South Carolina, Respondents.

Appellate Case No. 2015-000329

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2017-UP-167
Submitted February 1, 2017 – Filed April 19, 2017

**AFFIRMED**

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Temus C. Miles, Jr. and Daniel R Settana, Jr., both of The McKay Firm, PA; and Richard Eugene Marsh, III, of Goodman McGuffey LLP, all of Columbia, for Respondent Town of Chapin.

Jeffrey M. Anderson, of Davis Frawley LLC, of Lexington, for Respondent County of Lexington.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Harbit v. City of Charleston*, 382 S.C. 383, 389-90, 675 S.E.2d 776, 779 (Ct. App. 2009) ("In determining whether any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) (explaining a court should grant summary judgment "when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ"); *Carolina All. for Fair Emp't v. S.C. Dep't of Labor, Licensing, & Regulation*, 337 S.C. 476, 485, 523 S.E.2d 795, 799 (Ct. App. 1999) ("The party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact."); *id.* at 485, 523 S.E.2d at 799-800 ("Once the party moving for summary judgment meets this initial burden, the non-moving party cannot simply rest on the mere allegations or denials contained in the pleadings."); *id.* at 485, 523 S.E.2d at 800 ("Rather, the non-moving party must come forward with specific facts showing there is a genuine issue for trial."); *Watson v. Suggs*, 313 S.C. 291, 294, 437 S.E.2d 172, 173 (Ct. App. 1993) ("In an action of trespass to try title, the defendant in actual possession of the disputed property is regarded as the rightful owner of the property until the plaintiff proves perfect title, and a mere prima facie showing of paper title by the plaintiff is not enough."); *Ex parte Watson*, 356 S.C. 432, 435, 589 S.E.2d 760, 761 (2003) ("[T]ax title is of a quitclaim-deed nature . . . ."); *Mulherin-Howell v. Cobb*, 362 S.C. 588, 601, 608 S.E.2d 587, 594 (Ct. App. 2005) ("A quitclaim deed does not guarantee the quality of title, but only conveys that which the grantor may lawfully convey."); *Von Elbrecht v. Jacobs*, 286 S.C. 240, 243, 332 S.E.2d 568, 570 (Ct. App. 1985) ("[A] grantor of real property generally can transfer no greater interest than he himself has in the property."); S.C. Const. art. X, § 3(a) ("[A]ll property of the State, counties, municipalities, school districts and other political subdivisions[ is exempt from taxation] if the property is used exclusively for public purposes.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.