# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Jeffrey T. Spell, Respondent.

Appellate Case No. 2024-002143

---

Opinion No. 28261
Submitted January 29, 2025 – Filed February 19, 2025

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Kristina Jones Catoe,
both of Columbia, for the Office of Disciplinary Counsel.

Barbara Marie Seymour, of Clawson & Staubes, LLC, of
Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, agrees to pay
costs, and consents to the imposition of a definite suspension of up to six months.
We accept the Agreement and suspend Respondent from the practice of law in this
state for six months.  The facts, as set forth in the Agreement, are as follows.

## I.

Respondent had a close relationship with Complainant and Complainant's wife
(Wife) for over twenty years.  Respondent also represented Complainant and Wife
in a legal matter in 2010.  Since the representation in 2010, Respondent
occasionally prepared deeds, notes, and mortgages for Complainant from 2015
through 2023 and sent a letter on Wife's behalf on April 3, 2023, referring to Wife
as his client.  Between 2017 and 2023, Respondent engaged in an intimate

relationship with Wife that included having sexual relations on two occasions in 2017 and 2019. Respondent and Wife engaged in text messages that were sexual in nature during the relationship. Respondent represents that he regrets having an intimate relationship with Wife.

Respondent further admits that he failed to file his federal and state income tax returns for the past ten years. Respondent represents that he engaged a Certified Public Accountant and has now filed outstanding returns for all tax years except 2023, which is due to be filed in February 2025. There are no pending criminal charges against Respondent.

## II.

Respondent admits that his conduct in this matter violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.8(m) (prohibiting sexual relationships between a lawyer and client when the client is vulnerable or when such relations could prejudice the client's interests or adversely affect the lawyer's representation of the client); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); and Rule 8.4(d) (prohibiting conduct that involves dishonesty, fraud, deceit, or misrepresentation). Respondent also admits his misconduct constitutes grounds for discipline under Rule 7(a)(1), RLDE (providing a violation of the Rules of Professional Conduct is grounds for discipline). Respondent's disciplinary history includes a 2003 public reprimand[1] and a one-year definite suspension in 2007.[2]

---

[1] *See In re Spell*, 355 S.C. 655, 587 S.E.2d 104 (2003) (publicly reprimanding Respondent for practice-related misconduct in violation of the following Rules of Professional Conduct: Rule 1.1 (requiring competence); Rule 1.2(a) (requiring a lawyer to consult with the client and abide by the client's decisions concerning representation); Rule 1.3 (requiring diligence); Rule 1.4 (requiring communication); Rule 5.5(b) (prohibiting a lawyer from assisting a nonlawyer from engaging in the unauthorized practice of law); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice)).

[2] *See In re Spell*, 372 S.C. 514, 642 S.E.2d 749 (2007) (imposing a one-year definite suspension for Respondent's criminal conviction in federal court for his role in a scheme to falsify HUD-1 settlement statements and defraud two mortgage companies).

In his affidavit in mitigation, Respondent explains that in the difficult process of rebuilding his practice after his 2007 definite suspension, he simply neglected his obligation to file income tax returns, telling himself he would get around to it "one day." Respondent acknowledges the seriousness of his conduct and expresses remorse for failing to meet his tax obligations. Regarding the affair, Respondent expresses regret and remorse. Respondent also explains that he has begun seeing a counselor at least weekly to address his behavior patterns and learn new coping skills to support his mental health. Respondent also emphasizes that his law practice positively impacts the community, particularly his work on heirs' property cases.

### III.

We find a six-month definite suspension is appropriate in this matter, given the scope and duration of Respondent's misconduct and his prior disciplinary history. *See In re Williams*, 439 S.C. 126, 886 S.E.2d 220 (2023) (imposing a ninety-day definite suspension for attorney's failure to file state income tax returns for four tax years); *see also In re Anderson*, 433 S.C. 240, 857 S.E.2d 888 (2021) (publicly reprimanding attorney for engaging in a sexual relationship with a client); *In re Atwater*, 397 S.C. 518, 530, 725 S.E.2d 686, 692-93 (2012) (explaining that an attorney's prior disciplinary history is an aggravating factor); *cf. In re Moses*, 416 S.C. 1, 8-9, 785 S.E.2d 364, 368–369 (2016) (explaining that a pattern of misconduct occurring "over an extended period of time" warrants an increased sanction).

Accordingly, we suspend Respondent from the practice of law for a period of six months from the date of this opinion. Within fifteen days, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days, Respondent shall pay or enter into a reasonable agreement to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**